NO. 07-02-0469-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 22, 2003

_____

JERRY MICHAEL WALKER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 410TH DISTRICT COURT OF MONTGOMERY COUNTY;

NO. 02-03-01545-CR; HONORABLE GERALD GOODWIN, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following his plea of not guilty, appellant Jerry Michael Walker was convicted by a jury of aggravated assault and punishment was assessed at four years confinement, suspended for four years. By a sole point of error, appellant contends the evidence was

legally insufficient to support his conviction for aggravated assault where the State failed to prove the complainant was injured by his head striking the floor as alleged in the indictment. Based upon the rationale expressed herein, we affirm.

By the indictment, the State alleged appellant intentionally, knowingly, or recklessly caused serious bodily injury to complainant by causing complainant's "head to strike a floor." Appellant contends the State failed to prove complainant was injured by his head striking the floor; he does not, however, challenge the sufficiency of the evidence to support the jury's finding that complainant sustained "serious bodily injury."

In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), *overruled on other grounds*, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000). It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2003); Tex. Pen. Code Ann. § 2.01 (Vernon 2003). As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

2

Appellant testified that on October 26, 2001, he and complainant were at J.W.'s Bar, which was owned by appellant's father, when complainant sustained injuries as a result of barroom "horseplay" between two friends. The State, however, presented evidence to the contrary. Complainant testified appellant beat him with a pool cue and knocked him out. Medical evidence established that complainant was transported by helicopter to the emergency room in a comatose state with massive head injuries and a blood clot requiring surgery. According to the treating physician, complainant's head injuries were caused by multiple blows with a significant amount of force.

Appellant challenges his conviction by contending the evidence is legally insufficient to show that complainant's head struck the floor during the fracas. However, Keith Church, who has known both appellant and complainant for approximately 20 years, testified that just before midnight on October 26, he went to J.W.'s Bar and was invited by appellant to "shoot some pool." He overheard appellant and complainant arguing and saw appellant shove complainant to the floor. After appellant helped complainant get up, he hit him again with his fist and complainant ended up face down on the floor. Church further testified as follows:

Q. Did J.M. [appellant] do anything other than hit him with his fist?
A. No. Shortly after that, he got the back of him, lifted him off the ground, and dropped him on the ground.
Q. Okay. Let's go back and talk about that. You said, "he lifted the back of him?"

3

A. Lifted him up, yes.

* * *

Q. And what did he do after he lifted–after J.M. lifted Leslie [complainant] up, what did he do"?

A. He slammed him to the ground.

Q. And what part of his body did he slam to the ground?

A. The whole front of his body, his chest and --

Q. His head?

A. Yes.

Viewing the evidence under *Jackson*, we conclude a rational trier of fact could have found beyond a reasonable doubt that complainant was injured when he was slammed to the ground and his head struck the floor. Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.